Electronically Filed
Intermediate Court of Appeals
30330
21-MAR-2011
08:42 AM

NO. 30330

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
SHAWN KALANI BROWN, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CRIMINAL NO. 08-1-0746(4))

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Reifurth and Ginoza, JJ.)

Defendant-Appellant Shawn Kalani Brown ("Brown")
appeals from the judgment of conviction ("Judgment") entered on
January 15, 2010, in the Circuit Court of the Second Circuit[1]
("Circuit Court"). Brown was convicted by a jury of Assault in
the First Degree under Hawaii Revised Statutes ("HRS") § 707-710
(1993),[2] and was sentenced to ten years in prison, and to pay
restitution and a criminal injuries compensation fee. On appeal,
Brown contends that there was insufficient evidence to prove
serious bodily injury, such that the injury constituted a
substantial risk of death or a protracted loss or impairment of a

---

[1]    The Honorable Richard T. Bissen presided.

[2]    HRS §707-710 states in relevant part:

    (1) A person commits the offense of assault in the
    first degree if the person intentionally or knowingly causes
    serious bodily injury to another person.

    HRS § 707-700 (1993) states in relevant part:

    "Serious bodily injury" means bodily injury which
    creates a substantial risk of death or which causes serious,
    permanent disfigurement, or protracted loss or impairment of
    the function of any bodily member or organ.

bodily function.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Brown's point of error as follows:

This case arises from a fight that occurred outside Ocean's Nightclub in Kihei, Maui. The victim, Jamie Alexander ("Alexander"), suffered injuries to his face and skull that required emergency medical attention.

Dr. Sam Shon, an emergency room physician at Maui Memorial Hospital, was Alexander's treating emergency room physician and declared at trial to be an expert in emergency and general medicine. Dr. Shon testified that Alexander presented with severe fractures to his face, including a fractured nasal bone, which extended through the bone around the eye. Alexander had a tripod fracture, leaving his cheek bone as a free-floating piece on the left side of his head. He also had fractured cartilage in the nose and fractured sinuses on the right side of his head.

Alexander testified that, since the incident, he suffered from constant, ongoing migraines that required the use of strong pain medication and treatment from a neurologist. Additionally, he explained that a metal plate had been inserted in his face to stabilize the bone in his cheek. These injuries had all continued since the incident and prevented Alexander from performing many activities from which he had earned a living and that he had previously enjoyed. Dr. Shon testified that someone who suffered blunt force trauma to the head, like that suffered by Alexander, could suffer from chronic headaches.

Brown argued that physician testimony was necessary in order to show a relationship between the incident and the injury, and to establish "impairment" and/or "loss", which he claimed are not within the grasp of a lay person. The cases that Brown offers, however, do not stand for the proposition for which they

are presented. *See In re Doe*, 106 Hawai‘i 530, 537-38, 107 P.3d 1203, 1210-11 (App. 2005) (physician witness's failure to say that vision impairment was "protracted" was of no consequence because the word is commonly understood and requires no medical opinion).

Whether the victim's injuries constituted "serious bodily injury" is a question of fact for the jury. *See State v. Kupau*, 10 Haw. App. 503, 512, 879 P.2d 559, 563 (1994). "Our statutes do not define 'serious, permanent disfigurement, or protracted loss or impairment.' Neither do they define 'member' or 'organ.' The question is whether the victim's injuries described above meet the definition of HRS § 707-700." *State v. Yamashiro*, 8 Haw. App. 595, 600-01, 817 P.2d 123, 126-27 (1991) (footnote omitted) (referring to out-of-state cases for guidance as to whether the loss of teeth and broken facial jaw bones are serious injuries within their assault statutes).

The evidence and justifiable inferences, considered in the most favorable light for the State, are sufficient to enable a reasonable mind to fairly conclude beyond a reasonable doubt that the injuries suffered by Alexander constituted "protracted loss or impairment of the function of [a] bodily member or organ." *See State v. Meyers*, 112 Hawai‘i 278, 145 P.3d 821 (App. 2006) (eight fractured ribs resulting in painful breathing for more than two weeks sufficient to establish protracted loss or impairment of the function of victim's lungs); *Yamashiro*, *supra*, (scaring, facial numbness, missing teeth and broken facial jaw bones sufficient to establish protracted loss or impairment of the function of a bodily member or organ and/or serious permanent disfigurement); *State v. Hilpipre*, 395 N.W.2d 899, 903-04 (Iowa Ct. App. 1986) (pain from two broken ribs that impaired functioning of the victim's lungs over several months sufficient to prove "protracted loss or impairment of the function of a bodily member or organ"); *Walker v. State*, 742 P.2d 790, 791 (Alaska Ct. App. 1987) (broken jaw, wired shut for six weeks, was

sufficient to prove that the victim suffered a "protracted impairment of the function of a body member or organ").

In light of our conclusion, we do not consider whether there exists substantial evidence to support a finding of bodily injury which creates a substantial risk of death.

Therefore,

IT IS HEREBY ORDERED that the January 15, 2010 Judgment of the Circuit Court of the Second Circuit is affirmed.

DATED: Honolulu, Hawai'i, March 21, 2011.

On the briefs:

Matthew S. Kohm,
for Defendant-Appellant.


Kristin Coccaro,
Deputy Prosecuting Attorney,
County of Maui,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

4